BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
ADAM M. JOHNSON, IDAHO STATE BAR NO. 11805
ASSISTANT UNITED STATES ATORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>    vs.<br><br>PHILIP JACK LO,<br><br>    Defendant. | Case No. 2:25-cr-00084-DCN<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |

The Defendant comes before the Court having pleaded guilty to the charge of Possession of Child Pornography. The Government joins with U.S. Probation and recommends that the Court sentence the Defendant to 63 months of imprisonment, which is at the low-end of the guidelines if the two-level enhancement for the use of a computer is not applied, followed by 10 years of supervised release.

## BACKGROUND

In July 2024, following an undercover peer-to-peer investigation, law enforcement executed a search warrant at the Defendant's home in Idaho. They seized over a dozen devices containing CSAM, obscene visual depictions of minors, or both.

The Defendant was cooperative with law enforcement and agreed to an interview. Although he initially denied illegal conduct and offered several excuses, the Defendant ultimately

**UNITED STATES' SENTENCING MEMORANDUM - 1**

admitted to downloading and possessing CSAM. He estimated that he first found child pornography involving real children when he was about twelve years old, and that he had been using peer-to-peer software for about ten years. (LO_00429.)

**APPLICABLE SENTENCING GUIDELINES RANGE**

The Government concurs with U.S. Probation's guidelines calculation. With no criminal history and without applying the two-level enhancement for the use of a computer, the Defendant's total offense level is 28, yielding a guideline range of 63-78 months in prison, followed by at least five years and up to a lifetime of supervised release.[1]

**SENTENCING ANALYSIS UNDER 18 U.S.C. § 3553**

**A. The Nature and Circumstances of the Offense**

Several facets of this offense justify the Government's recommendation. *First*, the quantity of CSAM that the Defendant possessed is staggering. The Defendant had well over a dozen electronic devices, many of which were chock-full of some variant of CSAM. For instance, in one hard drive alone, law enforcement found at least 2,978 AI / CGI images depicting CSAM content. (LO_00147.) Another hard drive contained 649 CSAM images of a nude juvenile female. (LO_00158.) *Second*, the nature of the CSAM aggravates. The materials that the Defendant possessed included depictions of the sexual abuse of pre-pubescent and infant / toddler aged children. *Third*, the Defendant was a collector; his interest in the sexual abuse of children was a persistent obsession. Together, the quantity and composition of the Defendant's collection amply justify a sentence within the guidelines range.

---

[1] The Defendant has properly notified the Government that he will request a downward departure / variance from the sentencing guidelines based on a lack of empirical evidence to support the guidelines, but the Government does not know the specific arguments the Defendant will raise at this juncture. If necessary, the Government will supplement this memorandum. In any case, notwithstanding the advisory nature of the guidelines, the 18 U.S.C. § 3553(a) factors merit a 63-month sentence.

**UNITED STATES' SENTENCING MEMORANDUM - 2**

**B.     The History and Characteristics of the Defendant**

The Defendant has no prior criminal history.  He was cooperative and appeared to be forthcoming with law enforcement regarding the offense despite initial denials.[2]  He also has been participating in counseling since his arrest.  (PSR ¶ 40.)  All these things are to his credit.  On the other hand, this was not an isolated incident.  No, the Defendant made the deliberate decision to contribute to the suffering of children through the extensive downloading and collecting of CSAM.  He also did not voluntarily cease his behavior; it took law enforcement contacting the Defendant and seizing his devices for him to stop.  On balance, the Defendant's history and characteristics both mitigate and aggravate.  A sentence within the guidelines, but at the low end of the guidelines, appropriately addresses these competing considerations.

**C.     The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence, and to Protect the Public**

Crimes against children are some of the most serious offenses that this Court confronts.  They are among the most serious offenses that our society condemns.  The sentencing guidelines rightfully ascribe substantial sentencing ranges to these offenses.  To promote respect for the law and properly reflect the seriousness of this offense, a guidelines sentence must be imposed.  Just punishment also requires a guidelines sentence.  The Defendant's conduct reflects a conscious choice to subjugate the wellbeing of children to his own sexual desires.  His harm to children justifies a commensurate response.  As to protection of the public and deterrence, they go hand in hand.  The sentence in this case must be substantial enough that it deters the Defendant from ever

---

[2] Curiously, when the Defendant ultimately admitted his conduct, he began by telling law enforcement that he was molested as a child by his older sisters. (LO_00429.)  Yet when interviewed by U.S. Probation, he denied experiencing any trauma or abuse throughout his life.  (PSR ¶ 37.)  The Government does not know which statement is true.  If the abuse did not happen, perhaps he told law enforcement a story about past victimization because he believed it would help him get out of trouble.  If the abuse did happen, perhaps he did not want to tell U.S. Probation about it because he believed it might get others in trouble.  Whatever the case, if the Defendant is to be rehabilitated, he must be candid with the people helping him through that process, including U.S. Probation and any treatment providers.

**UNITED STATES' SENTENCING MEMORANDUM - 3**

going back to the conduct that he engaged in for so long, which in turn protects the public from further crimes of the Defendant.  A low-end guidelines sentence accomplishes this.

**D.      The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

The extensiveness of the Defendant's collection, and the long period that his conduct spanned, justify a longer period of supervision.  The Defendant has shown that he does well while on supervision, but his conduct suggests that he will need extended accountability and supervision to ensure that he does not go back to his well-tread path of consuming CSAM.  The Government submits that a ten-year term of supervision will be sufficient, but not greater than necessary, to ensure that he re-integrates into society successfully once out of prison.

**<u>CONCLUSION</u>**

Application of 18 U.S.C. § 3553 supports imposition of a prison sentence of 63 months, followed by 10 years of supervised release, for the Defendant's commission of the crime of Possession of Child Pornography.  This sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 17th day of November, 2025.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*s/ Adam M. Johnson*
ADAM M. JOHNSON
Assistant United States Attorney

**UNITED STATES' SENTENCING MEMORANDUM - 4**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2025, the foregoing **UNITED STATES'**

**SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using

the CM/ECF filing system, which sent a Notice of Electronic Filing to the following person(s):

| Luke A. Crawford<br>luke@sullivanlaw.us | ECF Filing |
|---|---|

*s/ Carin Crimp*
Legal Assistant